1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRYAN CUSTER,                              No.  2:13-cv-02279-TLN-KJN

12              Plaintiff,

13        v.                                    ORDER and

14   JUAN LOPEZ, et al.,                        FINDINGS AND RECOMMENDATIONS

15              Defendants.

16

17        This is an unlawful detainer action that was removed to this court by defendant Juan

18   Lopez[1], proceeding without counsel, from the Sacramento County Superior Court on November

19   1, 2013.  (ECF No. 1.)  Defendant filed a request to proceed in forma pauperis.[2]  (ECF No. 3.)

20        Defendant's application in support of his request to proceed in forma pauperis makes the

21   showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the undersigned grants defendant's

22   _____

23   [1]   From the state court filings that were submitted along with Mr. Lopez's Notice of Removal, it
     is unclear whether Mr. Lopez is a named defendant in the underlying unlawful detainer action.
     The caption of the underlying unlawful detainer complaint (filed in Sacramento County on June
24   21, 2013, and numbered "13UD04807") identifies only "Rodney Spidell" and "Georgina Spidell"
     as the named defendants.  (Compl., ECF No. 1 at 13-16.)  It may be that Mr. Lopez is a subtenant
25   of the named defendants.  Regardless, solely for purposes of this order, the undersigned will treat
     Mr. Lopez is a defendant in the underlying unlawful detainer action, and will refer to him as
26   "defendant" herein.

27
     [2] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
28   § 636(b)(1).

                                             1

1  request to proceed in forma pauperis.

2      The determination that a party may proceed in forma pauperis does not complete the

3  required inquiry.  A federal court has an independent duty to assess whether federal subject

4  matter jurisdiction exists, whether or not the parties raise the issue.  See United Investors Life Ins.

5  Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had

6  a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the

7  parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir.

8  1996).  Because subject matter jurisdiction may not be waived by the parties, a district court must

9  remand a case if it lacks jurisdiction over the matter.  Kelton Arms Condominium Owners Ass'n,

10 Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) (citing Sparta Surgical Corp. v.

11 Nat'l Ass'n of Sec. Dealers, Inc., 159 F.3d 1209, 1211 (9th Cir. 1998)); see also 28 U.S.C. §

12 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter

13 jurisdiction, the case shall be remanded").  For the reasons outlined below, the court finds that it

14 lacks subject matter jurisdiction over the action and recommends that the action be remanded to

15 state court.

16     In relevant part, the federal removal statute provides:

17         (a) Except as otherwise expressly provided by Act of Congress, any
           civil action brought in a State court of which the district courts of
18         the United States have original jurisdiction, may be removed by the
           defendant or the defendants, to the district court of the United
19         States for the district and division embracing the place where such
           action is pending.
20

21 28 U.S.C. § 1441(a).  "The defendant bears the burden of establishing that removal is proper."

22 Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009).  "The

23 removal statute is strictly construed against removal jurisdiction," id., and removal jurisdiction

24 "must be rejected if there is any doubt as to the right of removal in the first instance," Geographic

25 Expeditions, Inc. v. Estate of Lhotka, 599 F.3d 1102, 1107 (9th Cir. 2010) (citation and quotation

26 marks omitted).

27     A federal district court generally has original jurisdiction over a civil action when: (1) a

28 federal question is presented in an action "arising under the Constitution, laws, or treaties of the

2

1    United States" or (2) there is complete diversity of citizenship and the amount in controversy

2    exceeds $75,000.  See 28 U.S.C. §§ 1331, 1332(a).

3        In regards to federal question jurisdiction, federal courts have "jurisdiction to hear,

4    originally or by removal from a state court, only those cases in which a well-pleaded complaint

5    establishes either that federal law creates the cause of action, or that the plaintiff's right to relief

6    necessarily depends on resolution of a substantial question of federal law."  Franchise Tax Bd. v.

7    Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983); see also Republican Party of Guam v.

8    Gutierrez, 277 F.3d 1086, 1088-89 (9th Cir. 2002).  "[T]he presence or absence of federal-

9    question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that

10   federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's

11   properly pleaded complaint."  Placer Dome, Inc., 582 F.3d at 1091 (citation and quotation marks

12   omitted).  "In determining the existence of removal jurisdiction, based upon a federal question,

13   the court must look to the complaint as of the time the removal petition was filed."  Abada v.

14   Charles Schwab & Co., 300 F.3d 1112, 1117 (9th Cir. 2002) (citation and quotation marks

15   omitted).  Mere reference to federal law is insufficient to permit removal.  See Smith v. Indus.

16   Valley Title Ins. Co., 957 F.2d 90, 93 (3d Cir. 1992) ("[T]he mere presence of a federal issue in a

17   state cause of action does not automatically confer federal question jurisdiction").  Also, defenses

18   and counterclaims cannot provide a sufficient basis to remove an action to federal court.  See

19   Vaden v. Discover Bank, 556 U.S. 49, 60 (2009); Berg v. Leason, 32 F.3d 422, 426 (9th Cir.

20   1994); Takeda v. Northwestern Nat'l Life Ins. Co., 765 F.2d 815, 821-22 (9th Cir. 1985).

21       Here, removal cannot be based on federal question jurisdiction.  The state court pleadings

22   and papers accompanying the removal notice establish that the state court action is nothing more

23   than a simple unlawful detainer action, and is titled as such.  (See ECF No. 1 at 13-16.)  Plaintiff,

24   the owner of the subject real property in Sacramento County, California, is seeking to evict

25   defendants Rodney Spidell and Georgina Spidell from the property.  (Id.)  This court has no

26   jurisdiction over unlawful detainer actions, which are brought pursuant to state law and fall

27   strictly within the province of the state court.

28   ////

3

1    Defendant Lopez contends that federal question jurisdiction exists because plaintiff's

2  claim is purportedly based on, and draws into the controversy of this action, the Protecting

3  Tenants at Foreclosure Act ("PTFA").  See 12 U.S.C. § 5201; Pub. L. No. 111-22, § 702, 123

4  Stat. 1632 (2009).  The PTFA "provides certain protections to tenants who reside in properties

5  subject to foreclosure," including the requirement that a 90-day notice to vacate be given to bona

6  fide tenants.  SD Coastline LP v. Buck, 2010 WL 4809661, at **1-2 (S.D. Cal. Nov. 19, 2010)

7  (unpublished).  However, plaintiff's complaint itself is strictly an action based on the California

8  unlawful detainer statutes, and defendant's reference to the PTFA is best characterized as a

9  potential defense or counterclaim, neither of which is considered in evaluating whether a federal

10  question appears on the face of a plaintiff's complaint.  Moreover, the complaint filed in

11  Sacramento County Superior Court contains a single claim for unlawful detainer.  The

12  PTFA provides protections to tenants who reside in properties subject to foreclosure, including

13  the requirement that a 90-day notice to vacate be given to bona fide tenants.  Plaintiff's complaint

14  for unlawful detainer does not state claims under any federal law.  Further, it is based on

15  non-payment of rent, not foreclosure of the property.  (See ECF No. 1 at 13-16.)

16    Any defenses based on federal law must generally be raised in the state court action and

17  do not provide a basis for removal.  "A case may not be removed to federal court on the basis of a

18  federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both

19  parties admit that the defense is the only question truly at issue in the case."  ARCO Envtl.

20  Remediation, LLC v. Dep't. of Health & Envtl. Quality of the State of Montana, 213 F.3d 1108,

21  1113 (9th Cir. 2000) (citation and quotation marks omitted); see also Valles v. Ivy Hill Corp., 410

22  F.3d 1071, 1075 (9th Cir. 2005) ("A federal law defense to a state-law claim does not confer

23  jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated

24  in the plaintiff's complaint.")  Indeed, federal courts have consistently rejected attempts to

25  premise federal subject matter jurisdiction on the 90-day notice provision of the PTFA.  See, e.g.,

26  Parkland Sec., Inc. v. Carey, 2012 WL 159621, at *2 (E.D. Cal. Jan. 18, 2012) (unpublished),

27  adopted by 2012 WL 458433 (E.D. Cal. Feb. 10, 2012) (unpublished); Wescom Credit Union v.

28  Dudley, 2010 WL 4916578, at **2-3 (C.D. Cal. Nov. 22, 2010) (unpublished) ("The PTFA's

4

1  provisions requiring that notice be given ninety days in advance and preventing termination of a

2  bona fide lease unless a purchaser will occupy the unit as a primary residence, see P.L. No. 111-

3  22 § 702(a)(2)(A), offer [the removing party] a federal defense to an unlawful detainer action

4  where the plaintiff fails to comply with these requirements.  A federal defense, however, does not

5  support federal-question jurisdiction."); SD Coastline LP, 2010 WL 4809661, at **2-3; Aurora

6  Loan Servs, LLC v. Martinez, 2010 WL 1266887, at *1 (N.D. Cal. Mar. 29, 2010) (unpublished).

7  Such rejection is based on the fact that an argument relying on the PTFA's notice provision is an

8  attempt to premise the court's subject matter jurisdiction on a defense or counterclaim.[3]

9       Also, this action cannot be removed on grounds of diversity jurisdiction.  First, the

10  amount in controversy does not exceed $75,000, because plaintiff's complaint specifically does

11  not seek more than $10,000.  (ECF No. 1 at 13.)  Second, even if the amount in controversy

12  exceeded $75,000, defendant is a citizen of California, and therefore cannot remove the action

13  from a California state court on the basis of diversity jurisdiction.  See 28 U.S.C. § 1441(b) ("Any

14  civil action of which the district courts have original jurisdiction founded on a claim or right

15  arising under the Constitution, treaties or laws of the United States shall be removable without

16  regard to the citizenship or residence of the parties.  *Any other such action shall be removable*

17  *only if none of the parties in interest properly joined and served as defendants is a citizen of the*

18  *State in which such action is brought*") (emphasis added).

19       Based on the aforementioned analysis, the court finds that it lacks subject matter

20  jurisdiction over plaintiff's unlawful detainer action brought pursuant to California law.

21       Accordingly, for the foregoing reasons, IT IS HEREBY ORDERED that:

22       1.  Defendant's request to proceed in forma pauperis (ECF No. 3) is GRANTED.

23       IT IS ALSO HEREBY RECOMMENDED that:

24       1.  The action be REMANDED to the Sacramento County Superior Court.

25

26  [3]  Additionally, federal district courts have concluded that the PTFA does not create a federal
   private right of action, but provides directives to state courts.  See, e.g., Deutsche Bank Nat'l

27  Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010) (unpublished); Zalemba
   v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at **2-4 (S.D. Cal. Oct. 1, 2010)

28  (unpublished).

1      2. The Clerk of Court be directed to serve a certified copy of the order on the Clerk of the

2  Sacramento County Superior Court, and reference the state case number (No. 13UD04807) in the

3  proof of service.

4      3. The Clerk of Court be directed to close this case and vacate all dates.

5      These findings and recommendations are submitted to the United States District Judge

6  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14)

7  days after being served with these findings and recommendations, any party may file written

8  objections with the court and serve a copy on all parties.  Such a document should be captioned

9  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

10  shall be served on all parties and filed with the court within fourteen (14) days after service of the

11  objections.  The parties are advised that failure to file objections within the specified time may

12  waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th

13  Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

14      IT IS SO ORDERED AND RECOMMENDED.

15  Dated:  November 12, 2013

16

17  KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28